[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2011
JOHN LEY
CLERK

No. 11-11046
Non-Argument Calendar

_____

D. C. Docket No. 2:09-cr-00118-WKW-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID WATERMAN NORMAN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 4, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

David Waterman Norman Jr. appeals from his conviction for knowingly

possessing child pornography on an external hard drive, in violation of 18 U.S.C. §

2252A(a)(5)(B). On appeal, Norman argues that: (1) the government used specialized computer software to obtain information from the shared-files folder of his computer without a warrant, and that the evidence subsequently seized during the execution of a search warrant at his residence was unlawfully obtained and should have been excluded from trial; and (2) the government failed to present any evidence that he knowingly downloaded or saved child pornography because the evidence established that multiple people used the computer in his bedroom and that at least one child pornography file was copied to the external hard drive at issue from the folder of one of Norman's sons. After careful review, we affirm.

Our review of the denial of a motion to suppress is a mixed question of law and fact, with rulings of law reviewed de novo and findings of fact reviewed for clear error. United States v. Lanzon, 639 F.3d 1293, 1299 (11th Cir. 2011), petition for cert. filed, (U.S. Jul. 28, 2011) (No. 11-5608). Findings of fact are viewed in the light most favorable to the prevailing party in the district court. Id. We review "de novo whether sufficient evidence supports a conviction, resolving all reasonable inferences in favor of the verdict." United States v. Farley, 607 F.3d 1294, 1333 (11th Cir.), cert. denied, 131 S.Ct. 369 (2010). "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt." Id. "It is not our function to make credibility choices or to pass upon the weight of the

evidence. Instead, we must sustain the verdict where there is a reasonable basis in the record for it." Id. (quotations and citation omitted).

First, we are unpersuaded by Norman's claim that the district court erred in denying his motion to suppress. In order to challenge a search under the Fourth Amendment, the defendant bears the burden of establishing both a subjective and an objective expectation of privacy in the area or object searched. United States v. Segura-Baltazar, 448 F.3d 1281, 1286 (11th Cir. 2006). "The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." United States v. Epps, 613 F.3d 1093, 1097-98 (11th Cir. 2010) (quotation omitted), cert. denied, 131 S.Ct. 1526 (2011).

Here, even if Norman held a subjectively reasonable expectation of privacy in the shared files on his computer, this expectation was not objectively reasonable. As the record shows, Norman's computer contained a peer-to-peer file-sharing program -- which Norman himself used -- that allowed other public users of such software to access the shared files on his computer. Moreover, Norman's argument that law enforcement used "unique" software that was not available to the general public, and his reliance on Kyllo v. United States, 533 U.S. 27 (2001), are misplaced because, as noted, he had placed the contents of the folder the police

3

searched into the public domain, thereby negating any reasonable expectation of privacy in the folder. In Kyllo, law enforcement used a thermal imager to scan the home of a suspected marijuana grower to determine whether his home was emitting heat consistent with the use of high-intensity lamps for growing marijuana. 533 U.S. at 29-30. The Supreme Court held that when the government uses a device, in that case a sense-enhancing thermal imager, which was not in general public use, to obtain information about the interior of a home that could not otherwise have been obtained without physical intrusion, the surveillance constitutes a search. Id. at 34, 40. However, unlike in Kyllo, the contents of the shared folder on Norman's computer were knowable to law enforcement without physical intrusion to Norman's house because this information was also available to members of the public. Accordingly, Norman did not suffer a Fourth Amendment violation, and thus, the district court did not err in denying his motion to suppress.

We also find no merit in his sufficiency of the evidence claim. Pursuant to 18 U.S.C. §2252A(a)(5)(B), it is unlawful to knowingly possess any material that contains an image of child pornography that has been mailed, shipped, or transported in interstate commerce. It is the duty of the trier of fact to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

inferences from basic facts to ultimate facts," and we should only inquire as to whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).

In this case, the only issue with respect to the sufficiency of the evidence established at trial is whether Norman knowingly possessed the images of child pornography on the external hard drive. The record reflects that there was sufficient evidence to permit the jury to find Norman guilty beyond a reasonable doubt of knowingly possessing these images on the external hard drive. Specifically, the evidence, viewed in the light most favorable to the government as to Count 2, established that: (1) Norman purchased the external hard drive and it was located in his bedroom; (2) the computer and external hard drive in Norman's bedroom contained the same files of child pornography -- a total of 62 -- which had been transferred from the computer to the hard drive on two occasions; (3) on the two occasions that files containing child pornography were transferred from the computer to the external hard drive, Norman was not at work; (4) of the other witnesses who had access to the computer in Norman's bedroom, only Norman's son knew a hard drive was located there; (5) his son may have "plugged" the external hard drive into the computer in Norman's bedroom on one occasion; and

5

(6) his son did not use Norman's computer to download child pornography, and did not transfer files from his laptop, or his father's computer, to the external hard drive. Indeed, the jury was entitled to believe the witnesses who testified that they did not place child pornography on the computer in Norman's bedroom. Jackson, 443 U.S. at 319.

Importantly, when the police questioned Norman during the execution of the search warrant, he initially denied having any contact with child pornography, yet then not only admitted that he was "curious" about children, but also admitted that police would "[a]bsolutely" find child pornography on his computer. So although the questions the police officer asked did not address whether Norman knew child pornography was on the external hard drive, Norman's admissions, together with the other circumstantial evidence discussed above, were sufficient evidence for a rational juror to find Norman guilty beyond a reasonable doubt of knowingly possessing child pornography on the external hard drive. See id. Accordingly, we affirm his conviction.

**AFFIRMED.**